UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL, AND INDUSTRY FUND, the NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and the NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, <br><br> Plaintiffs, <br><br> -against- <br><br> JAMES DEAN CONTRACTING CORP., JDC CORPORATE SERVICES, INC., C&L MAINTENANCE INC., SCOTT DONNARUMMA, and LISA PERRETTI, <br><br> Defendants. | 11 CV 5879 (JMF) (GWG) <br><br> **SECOND AMENDED COMPLAINT** <br><br>  |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Second Amended Complaint, respectfully allege as follows:

### NATURE OF THE ACTION

1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and other applicable law, to collect delinquent employer contributions to a group of employee benefit plans, to enforce the plans' right to conduct an audit, and for related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and pursuant to 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4. Plaintiffs are employer and employee trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (collectively, the "Funds"). The Funds are multiemployer labor-management trust funds organized and operated in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Funds are administered at 395 Hudson Street, New York, New York 10014.

5. The New York City Carpenters Relief and Charity Fund is a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). It maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Defendant James Dean Contracting Corp. ("James Dean") is a corporation organized under the laws of the State of New Jersey. At relevant times, James Dean was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. James Dean maintains a place of

business at 733 South River Drive, Forked River, New Jersey 08731. At relevant times, James Dean has also maintained a place of business at 2100 91st Street, North Bergen, New Jersey 07047.

7. Defendant JDC Corporate Services, Inc. ("JDC") is a corporation organized under the laws of the State of New York. At relevant times, JDC was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. JDC maintains a place of business at 1142 Hylan Boulevard, Staten Island, New York 10305.

8. Defendant C&L Maintenance Inc. ("C&L") is a corporation organized under the laws of the State of New Jersey. At relevant times, C&L was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. C&L maintains a place of business at 742 South River Drive, Forked River, New Jersey 08731. At relevant times, C&L has also maintained a place of business at 2100 91st Street, North Bergen, New Jersey 07047.

9. Defendant Scott Donnarumma is an individual who resides at 421 Virginia Avenue, Bayville, New Jersey 08721.

10. Defendant Lisa Perretti is an individual who resides at 421 Virginia Avenue, Bayville, New Jersey 08721.

## FIRST CLAIM FOR RELIEF

11. Plaintiffs repeat the allegations set forth in paragraphs 1 through 10 above and incorporate them herein by reference.

12. At relevant times, James Dean was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "Agreement") with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

13. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

14. The Agreement required James Dean to make specified hourly contributions to the Funds (including amounts for related entities on behalf of which they act as collection agents) in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

15. At relevant times, James Dean and C&L had substantially identical management, business purpose, operation, equipment, customers, supervision and/or ownership.

16. At relevant times, both James Dean and C&L were owned and operated by Scott Donnarumma and/or his wife, Lisa Perretti.

17. At relevant times, Scott Donnarumma was the president of James Dean, and Lisa Perretti was the president of C&L.

18. At relevant times, C&L's only significant sources of operating cash were James Dean and Scott Donnarumma.

19. At relevant times, at least 60 members of the Union received pay from C&L. At least 37 of these 60 individuals also received pay from James Dean.

20. At relevant times, both James Dean and C&L conducted business at the same location, or at adjacent locations.

21. At relevant times, C&L's telephone number was the same as the telephone number of James Dean's accountant.

22. There was never an arm's length relationship between James Dean and C&L.

23. James Dean and C&L are alter egos of each other and/or constitute a single employer, and each is liable for the other's unpaid contributions and other debts and obligations to the Funds.

24. An audit completed in March 2010 (the "First Audit") found that James Dean and C&L failed to make $1,754,128.94 in required contributions to the Funds in connection with Covered Work performed from June 25, 2005 through December 23, 2007 (the "First Audit Period").

25. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

26. James Dean and C&L contravened both the Agreement and section 515 of ERISA by their failure to contribute $1,754,128.94 to the Funds in connection with Covered Work performed during the First Audit Period.

27. To conduct the First Audit, the Funds' auditors collected data by inspecting James Dean's and C&L's books and records on September 19, 2007, October

3, 2007, and May 23, 2008. It was not until the auditors conducted these inspections that the Funds learned for the first time that Defendants had failed to comply with their obligation under the Agreement to report to the Funds all Covered Work performed on their behalf during the First Audit Period. Prior to that time, the Funds had no reason to know this information, nor should they have known it. Any applicable statute of limitations did not begin to run until the Funds discovered this information.

28. Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Agreement and/or the documents and instruments governing the Funds, James Dean and C&L are liable to the Funds for delinquent contributions of $1,754,128.94; interest in an amount exceeding $630,000.00 from the due dates through the date of judgment, calculated at the prime rate charged by Citibank plus 200 basis points; liquidated damages equal to the amount of interest; audit fees; and all reasonable attorneys' fees, expenses, and costs incurred by the Funds in prosecuting this suit.

## SECOND CLAIM FOR RELIEF

29. Plaintiffs repeat the allegations set forth in paragraphs 1 through 28 above and incorporate them herein by reference.

30. At relevant times, James Dean, C&L, and JDC had substantially identical management, business purpose, operation, equipment, customers, supervision and/or ownership.

31. At relevant times, the financial books and records of James Dean and JDC were intermingled with each other, and showed that both companies employed some of the same carpenters.

32. At relevant times, JDC's address was the same as the address of James Dean's accountant.

33. There was never an arm's length relationship among James Dean, C&L, and JDC.

34. James Dean, C&L, and JDC are alter egos, successors, and/or predecessors of each other and/or constitute a single employer, and each is liable for the other's unpaid contributions and other debts and obligations to the Funds.

### THIRD CLAIM FOR RELIEF

35. Plaintiffs repeat the allegations set forth in paragraphs 1 through 34 above and incorporate them herein by reference.

36. ERISA, the Agreement, and the documents and instruments governing the Funds, including their trust agreements and collection policy, authorize the Funds to inspect Defendants' books and records for the purpose of conducting an audit to ascertain whether they fully complied with their obligations to make contributions to the Funds.

37. To enable the Funds to conduct an audit (the "Second Audit") in connection with work performed from December 24, 2007 through March 26, 2010 (the "Second Audit Period"), the Funds demanded that Defendants make their books and records available for inspection.

38. Defendants failed and refused to make the books and records of JDC (the "JDC Records") available for the Funds' inspection.

39. The JDC Records are within Defendants' possession, custody, and/or control.

40. Defendants are parties in interest with respect to the Funds within the meaning of section 3(14) of ERISA, 29 U.S.C. § 1002(14).

41. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorizes this Court to award appropriate equitable relief to redress certain violations of ERISA or the documents and instruments governing an employee benefit plan.

42. The Funds have no adequate remedy at law to obtain access to the JDC Records.

43. The Funds' only adequate remedy is an Order of this Court requiring Defendants to make the JDC Records available for the Funds' inspection.

## FOURTH CLAIM FOR RELIEF

44. Plaintiffs repeat the allegations set forth in paragraphs 1 through 43 above and incorporate them herein by reference.

45. Defendants contravened both the Agreement and section 515 of ERISA by their failure to make contributions to the Funds in connection with some of the Covered Work performed on their behalf during both the Second Audit Period.

46. Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Agreement and/or the documents and instruments governing the Funds, Defendants are liable to the Funds for delinquent contributions in an amount to be determined by the Second Audit and/or at trial, plus interest calculated at the prime rate charged by Citibank plus 200 basis points, liquidated damages equal to the amount of interest or 20% of the principal amount due, whichever is greater, audit fees, and all reasonable attorneys' fees, expenses, and costs incurred by the Funds in prosecuting this suit.

## FIFTH CLAIM FOR RELIEF

47. Plaintiffs repeat the allegations set forth in paragraphs 1 through 46 above and incorporate them herein by reference.

48. Scott Donnarumma, individually and/or in conspiracy with Lisa Perretti, caused James Dean to fraudulently evade its obligations to contribute to the Funds by falsely reporting the amount of Covered Work performed on behalf of James Dean.

49. Scott Donnarumma, individually and/or in conspiracy with Lisa Perretti, fraudulently concealed this underreporting by using corporations other than James Dean, such as C&L and/or JDC, to pay wages to employees who performed Covered Work on James Dean's behalf.

50. As controlling officials of the corporate defendants, Scott Donnarumma and Lisa Perretti are individually liable for all obligations to the Funds that they assisted the corporate defendants in evading.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(1) Order Defendants to permit Plaintiffs and their auditors to inspect the JDC Records to enable them to complete the Second Audit;

(2) Award judgment to Plaintiffs against Defendants, jointly and severally, for $3,014,128.94 plus all unpaid contributions, interest, and liquidated damages to be identified by the Second Audit and/or at trial, and any additional interest and liquidated damages pertaining to the First Audit that accrue prior to judgment;

(3) Award Plaintiffs all reasonable audit fees that they have incurred or will have incurred in connection with both audits;

(4)     Award Plaintiffs all reasonable attorneys' fees, expenses, and costs that they have incurred or will have incurred in prosecuting this suit; and

(5)     Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York  
July 30, 2012

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: *[signature: Marc Tenenbaum]*

Charles R. Virginia  
Marc A. Tenenbaum  
111 Broadway, Suite 1403  
New York, New York 10006  
(212) 943-9080

*Attorneys for Plaintiffs*