USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/13/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
:
TRUSTEES OF THE NEW YORK CITY DISTRICT           :
COUNCIL OF CARPENTERS PENSION FUND,              :
WELFARE FUND, ANNUITY FUND,                      :    11 Civ. 5879 (JMF)
APPRENTICESHIP, JOURNEYMAN, RETRAINING,          :
EDUCATIONAL, AND INDUSTRY FUND et al.,           :    MEMORANDUM
:                                                     OPINION AND ORDER
                Plaintiffs,                    :
:
                -v-                            :
:
JAMES DEAN CONTRACTING CORP. et al.,             :
:
                Defendants.                    :
:
------------------------------------------------------------------------ X

JESSE M. FURMAN, United States District Judge:

       Plaintiffs bring this action against James Dean Contracting Corp. ("James Dean"), JDC Corporate Services, Inc. ("JDC"), C&L Maintenance Inc. ("C&L"), Scott Donnarumma, and Lisa Perretti (together, "Defendants") under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(a)(3), 1145. Plaintiffs seek summary judgment for their claims that (1) James Dean did not make proper contributions to multiemployer labor-management trust funds; (2) James Dean used alleged alter egos JDC and C&L to avoid making contributions; and (3) Donnarumma and Perretti are individually liable for the unpaid contributions. (Pls.' Mem. Law (Docket No. 40)).

       Summary judgment is warranted when the admissible evidence and the pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, a

1

court must consider "the evidence in the light most favorable to the non-moving party," *Gould v. Winstar Commc'ns, Inc.*, 692 F.3d 148, 157-58 (2d Cir. 2012), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

Applying those standards here, and upon due consideration of the parties' motion papers, Plaintiffs' motion is DENIED. Put simply, there are material disputes of fact with respect to whether Defendants' employees performed "covered work" within the meaning of the relevant Collective Bargaining Agreements and, if so, how much; whether either JDC or C&L qualify as an alter ego of James Dean under the applicable multi-factor test, *see, e.g.*, *MAG Portfolio Consult, GMBH v. Merlin Biomed Grp. LLC*, 268 F.3d 58, 63 (2d Cir. 2001); and whether Donnarumma and Perretti can be held individually liable. Plaintiffs rely heavily on the fact that Donnarumma and Perretti invoked their Fifth Amendment privileges against self-incrimination, arguing that the Court may therefore draw adverse inferences from their silence. (Pls.' Mem. Law 1, 11-13, 18-19, 23; Pls.' Reply Mem. Law (Docket No. 58) 3-5). Plaintiffs may well have a strong case at trial given Donnarumma's and Perretti's invocation, but it is not a basis to grant summary judgment here as the Court is required to draw all reasonable inferences in the non-moving parties' favor. *See, e.g.*, *Stichting Ter Behartiging Van De Belangen Van Oudaandeelhouders in Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 407 F.3d 34, 55 (2d Cir. 2005) (stating that "we are required at summary judgment to draw all reasonable inferences in favor of the non-moving party" and "[d]oing so, we cannot conclude that [a non-party's] silence resolves all genuine [disputes] of fact" (emphasis omitted)); *Bank of America, N.A. v. Fischer*, 927 F. Supp. 2d 15, 26 (E.D.N.Y. 2013) ("[A] motion for summary judgment cannot be granted

on an adverse inference alone; rather, the inference must be weighed with other evidence in the matter in determining whether genuine issues of fact exist." (internal quotation marks omitted)); *see also, e.g.*, *In re Allou Distribs. Inc.*, — B.R. —, 2012 WL 6012149, at *13-15 (Bankr. E.D.N.Y. 2012) (citing cases).

Accordingly, Plaintiffs' motion for summary judgment is DENIED.

It is hereby ORDERED that, within thirty days of this Memorandum Opinion and Order, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Federal Rule of Civil Procedure 26(a)(3). The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions in limine. At or before the same date, the parties shall also file joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions in accordance with the Court's Individual Rules and Practices. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Federal Rule of Civil Procedure 51(a)(2)(A). The parties shall be ready for trial approximately two weeks after the Joint Pretrial Order is filed.

It is further ORDERED that counsel for all parties shall appear for a conference with the Court on **Friday, January 3, 2014,** at **11 a.m.**, in **Courtroom 1105** of the United States District Court for the Southern District of New York, 40 Centre Street, New York, New York. The parties should be prepared to address, among other things, whether Plaintiffs should be allowed to call as witnesses at trial anyone who was not listed on their initial disclosures.

The Clerk of Court is directed to terminate Docket No. 39.

SO ORDERED.

Dated: December 13, 2013
New York, New York

_____
JESSE M. FURMAN
United States District Judge